Michael Labriola, Defendant in Error, v. Rocco V. Romano, Plaintiff in Error.

### Gen. No. 16,683.

APPEALS AND ERRORS—*questions of fact.* Judgment affirmed where Appellate Court found from the record that verdict was responsive to the preponderance of evidence.

Error to the Municipal Court of Chicago; the HON. JOHN D. TURN-BAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October, term, 1910. Affirmed. Opinion filed October 16, 1912.

ROCCO DE STEFANO, for plaintiff in error.

O. F. REICH, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment entered in the Municipal Court in favor of defendant in error against plaintiff in error for $206, upon a verdict for the like amount. Plaintiff in error seeks to reverse the judgment solely upon the ground that the verdict is against the manifest weight of the evidence.

On December 10, 1909, defendant in error went to the place of business of plaintiff in error, who, we learn from the record, conducted a book-store and bank, for the purpose of sending $200 to Italy. Defendant in error claims that he then paid to a clerk of plaintiff in error $200.50 in cash and pay checks, for which he received a receipt for 1030 lires, equivalent to $206; that he was entitled to a credit allowance of $5.50, being the rate of exchange. Thereafter, plaintiff in error claims to have discovered that his clerk had made a mistake in issuing a receipt for 1030 lires, and that defendant in error, instead of paying him $200.50, had only paid him $100.50. Upon the demand of defendant in error that plaintiff in error send the amount claimed to Italy, and the latter's refusal so to do, defendant in error brought suit to recover the same.

A careful examination and consideration of the evidence as it appears in the record (not fully abstracted) discloses that the verdict is not against the manifest weight of the evidence, but is responsive to the preponderance of the evidence adduced upon the trial. It is not claimed that the judgment is excessive.

The judgment is affirmed.

*Judgment affirmed.*